UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                       Case No. 11-20188

vs.

                                       HON. GEORGE CARAM STEEH

STRATFORD NEWTON, et al.,

        Defendants.
_____/

## ORDER REGARDING PRETRIAL MOTIONS

The following motions were heard by the court on July 1, 2013:

1. Doc. 89 - defendant Bernard Edmond's motion for bill of particulars. Taken under advisement while Mr. Edmond's counsel and the government attorney try to work out defendant's concerns.

2. Doc. 90 - defendant Barnard Edmond's motion in limine to suppress photographic identification. The government indicated it does not intend to use the photos at trial, so the motion is taken under advisement and will be ruled on if necessary during trial.

3. Doc. 96 - defendant Frank Harper's motion to exclude prior bad acts evidence. This motion was not heard because of the unknown impact of the third superseding indictment which will be filed by the government on July 9, 2013. The motion is adjourned without date.

4.  Doc. 97 - defendant Frank Harper's motion for severance of counts one through five from counts six through nine because he is not charged in counts six through nine.  While this motion was not argued at the hearing, the court is familiar with the briefs filed by the parties.  The court notes that Federal Rule of Criminal Procedure 8(b) permits an indictment to charge two or more defendants if they are alleged to have participated in the same act or series of acts constituting an offense or offenses.  "[A] group of acts or transactions constitutes a series if they are logically interrelated." *United States v. Lloyd*, 10 F.3d 1197, 1214-15 (6th Cir. 1993).  All defendants do not need to be charged in each count.  Rule 8(b).  In this case the conspiracy, carjacking and firearms counts are logically interrelated where the defendants are charged in a scheme to obtain control over stolen cars by carjacking them and then using stolen titles to sell the vehicles to a common buyer.  All of the counts in which defendant Frank Harper is charged are logically interrelated to the remaining carjacking and firearms counts with which he is not charged, as they are all part of the alleged conspiracy.

Defendant Frank Harper also fails to show prejudice under Rule 14.  There is a "presumption that the jury will be able to sort out the evidence applicable to each defendant and render its verdict accordingly."  *United States v. Moreno*, 933 F.2d 362, 370 (6th Cir.) *cert. denied*, 112 S.Ct. 265 (1991).  The court will give limiting instructions to the jury, telling them to separately consider the evidence for each count against each defendant in order to minimize possible prejudice.

Defendant Frank Harper's motion for severance is DENIED.

5.  Doc. 100 - defendant Frank Harper's motion for separate trial.  This motion is DENIED without prejudice for the reasons stated on the record.

6.  Doc. 101 - government's motion in limine to admit defendant Phillip Harper's factual basis statement in Rule 11 Plea Agreement.  Set for evidentiary hearing on July 8, 2013 at 11:00 a.m.

7.  Doc. 102 - government's motion in limine to admit defendant Phillip Harper's proffer and post-polygraph statements in case-in-chief.  Set for evidentiary hearing on July 8, 2013 at 11:00 a.m.

8.  Doc. 107 - defendant Justin Bowman's joinder in the motion for separate trial (Doc. 100) and motion in limine to exclude prior bad acts evidence (Doc. 96).  Same rulings outlined above apply to this joinder motion.  The motion for separate trial is DENIED without prejudice and the motion in limine is adjourned without date.

Dated:  July 1, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 1, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk