UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THE UNITED STATES OF AMERICA,

        Plaintiff,

                                                       Case No. 11-20188

vs.

                                                       HON. GEORGE CARAM STEEH

D-2 PHILLIP HARPER,

        Defendant.
_____/

**ORDER DENYING MOTION IN LIMINE TO ADMIT
DEFENDANT'S FACTUAL BASIS STATEMENT IN RULE 11 PLEA
AGREEMENT [DOC. 101] AND GRANTING MOTION IN LIMINE TO
ADMIT PROFFER AND POST-POLYGRAPH STATEMENTS [DOC. 102]**

On July 8, 2013, the parties appeared before the court on the government's

motion in limine to admit defendant's factual basis statement in his Rule 11 plea

agreement and the government's motion in limine to admit defendant's proffer and post-

polygraph statements in the government's case-in-chief. After holding an evidentiary

hearing, the court denied the government's request to use the factual basis statement

from the plea agreement without prejudice and granted the request to use the proffer

and post-polygraph statements in the government's case-in-chief. This order

supplements the reasoning given by the court from the bench.

On May 30, 2012, defendant and his then-counsel reviewed and signed a

Kastigar agreement, thereby accepting the government's offer of informal immunity in

exchange for "complete and truthful" information during the proffer discussion. (Kastigar

Agreement, ¶ 1). The government filed a motion to admit evidence from three

discussions with defendant as a result of his breach of the Kastigar agreement. The first proffer discussion of May 30, 2012 was specifically addressed in the Kastigar agreement, and it was anticipated that defendant would submit to a polygraph examination under that same agreement. This polygraph examination and post-examination interview took place on June 1, 2012. It is undisputed that defendant agreed to and signed an advise of rights form and a consent to interview with polygraph prior to the examination, agreeing to proceed despite his attorney not being present. A third discussion was conducted August 8, 2012, and although it was not specifically contracted for in the Kastigar agreement, the FBI's 302 report summarizing that proffer indicates that defendant and his counsel reviewed the terms of the May 30, 2012 Kastigar agreement before proceeding. Thus, given the nature of the discussion, and reference to the Kastigar agreement, the court concludes that the August 8, 2012 proffer discussion is also governed by the terms of the Kastigar agreement.

Kastigar agreements have consistently been held to contractual law standards, and the Sixth Circuit has held that "[i]f a breach of an immunity agreement is established, the available remedies are those specified in the agreement." U.S. v. Fitch, 964 F.2d 571 at 574, 576 (6th Cir. 1992). Paragraphs 7 and 8 of the Kastigar agreement provide that in the event of any untruthful or incomplete information provided by defendant or his counsel, "there are no restrictions on the government's use of any statements made by your client or information provided by you or your client." (Kastigar Agreement, ¶ 8).

In the three discussions, defendant asserted that guns were not used in any carjackings with which he is charged. The government provided compelling evidence

from victims of the charged carjackings that guns *were* used. This court is convinced the government has met its burden that defendant's statements represent a material and substantial breach of the Kastigar agreement. Fitch, 964 F.2d at 574. Therefore, the government's motion to admit defendant's statements during the May 30, 2012 and August 8, 2012 proffer discussions into evidence is granted. Defendant's statements made during the post-polygraph interview are also generally found to be admissible pursuant to the Kastigar agreement except that statements referring to the polygraph test itself, or its results, shall be excluded as evidence absent prior authorization by the court.

The government's motion to admit defendant's factual basis statement in his Rule 11 plea agreement, however, is denied. Although the government was given an opportunity at oral argument to produce supplemental evidence that would bear on whether the factual basis paragraph of the Rule 11 plea agreement was considered a statement adopted by defendant and therefore potentially admissible under Federal Rule of Evidence 801 as non-hearsay evidence, the government has advised this court it does not intend to pursue the introduction of the factual basis statement.

On March 15, 2013, defendant and his then-counsel signed a Rule 11 plea agreement but it was never entered by this court because defendant subsequently informed the government he no longer wished to plead guilty. Paragraph 4(B) of the Rule 11 plea agreement states:

> If the Court allows Defendant to withdraw his guilty plea for a "fair and just reason," pursuant to Fed. R. Crim. P. 11(d)(2)(B), Defendant waives his rights under Fed. R. Evid. 410, and the Government may use his guilty plea, any statement made under oath at the change-of-plea

hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

(Plea Agreement, ¶ 4(B)).

Defendant's waiver of his rights under Rule 410 is limited to the situation where his guilty plea has been accepted by the court and is then permitted to be withdrawn. Given that the court neither accepted nor withdrew a guilty plea from defendant, the express language of the waiver does not encompass the present situation.

Additionally, Federal Rule of Criminal Procedure 11(d)(1) provides that "[a] defendant may withdraw a plea of guilty or nolo contendere before the court accepts the plea, for any reason or no reason." In this event, Rule 11(f) states that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Thus, pursuant to Rule 11, the factual basis statement in defendant's Rule 11 plea agreement is protected by Fed. R. Evid. 410 and may not be offered against defendant.

**IT IS SO ORDERED**.

Dated:  July 15, 2013

<div style="margin-left: 40%;">
s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE
</div>

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 15, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---